# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civ. No. 1:24-cv-01272-SHM-tmp |
| | ) |
| CORECIVIC PRIVATE PRISON | ) |
| MANAGEMENT, ET AL., | ) |
|    Defendants. | ) |

## ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING COMPLAINT WITH PREJDUICE IN PART AND WITHOUT PREJUDICE IN PART, DENYING PENDING MOTIONS (ECF Nos. 2-4, 7, 16, & 25), AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

On December 30, 2024, Plaintiff Billie Joe Chapman, Tennessee Department of Correction prisoner number 633331, an inmate incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee, filed a *pro se* civil complaint under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, *et seq*. (ECF No. 1.) Chapman moved for leave to proceed *in forma pauperis*. (ECF No. 5.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 24.)

Chapman filed motions requesting various forms of relief between December 30, 2024, and May 27, 2025. (*See* ECF Nos. 2-4, 7, 16, 25.) Those motions (referred to collectively as the "Pending Motions") request relief as follows:

    (1) Motion to Appoint Counsel (ECF No. 2);
    (2) Motion for Injunction (ECF No. 3);
    (3) Motion for Discovery (ECF No. 4);
    (4) Motion to Correct (ECF No. 7);

(5) Motion to "Move on this Case" (ECF No. 16); and

(6) Motion for "All Pending Case[s] to be Updated on Plaintiff's Financial Situation" (ECF No. 25)

For the reasons that follow, Chapman's *pro se* civil complaint is **DISMISSED WITHOUT PREJUDICE** in part and **WITH PREJUDICE** in part. Leave to amend the claims dismissed without prejudice is **GRANTED**. The Pending Motions are **DENIED**. The Clerk is **DIRECTED** to remove the Tennessee Department of Correction (the "TDOC") as a Defendant.

**I.     BACKGROUND**

Chapman alleges that CoreCivic, the private company that manages the HCCF, holds disciplinary hearings without Chapman present and refuses to notify Chapman of "what [he] is said to have done in violation of prison rules." (ECF No. 1 at PageID 2-3.) Chapman alleges that in February 2024 "and after," CoreCivic placed him in administrative segregation as punishment for "Class A offenses." (*Id.* at PageID 3.) Chapman alleges that CoreCivic refuses to provide him with "any type of representation" at disciplinary hearings. (*Id.* at PageID 4.) Chapman alleges that CoreCivic refuses to allow presentation of witnesses and evidence at disciplinary hearings. (*Id.*) Chapman alleges that CoreCivic has failed to follow TDOC policy governing disciplinary proceedings. (*Id.* at PageID 5.)

Chapman alleges that he is on "close custody," which means that he is "in segregation over 23 hour[s] a day . . . with only 2 to 3 showers a week" and limited outdoor recreation. (*Id.* at PageID 4.) Chapman alleges that he has "no release date on close custody" and has not been told why he was placed in segregation. (*Id.*) Chapman alleges that prison employees told him that "the decision was made for close custody in May 2024." (*Id.* at PageID 5.) Chapman alleges that he "has had no classification hearing" as required by TDOC policy and by law. (*Id.*)

2

Chapman sues Defendants CoreCivic and the TDOC. (*Id*. at PageID 1.) Chapman alleges that Defendants have imposed "unlawful punishments without due process." (*Id*. at PageID 6.) Chapman alleges that Defendants have violated TDOC policy by changing his classification to "close custody" without notifying Chapman or holding a hearing. (*Id*.) Chapman alleges that Defendants' conduct constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (*Id*. at PageID 2.) Chapman seeks $50,000 in monetary damages. (*Id*. at PageID 8.)

II.  **SCREENING THE COMPLAINT**

    A. **Legal Standard**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must

3

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

Chapman alleges that he is suing under the ADA, but none of his factual allegations states a claim under the ADA.[1]  (*See* ECF No. 1 at PageID 2.)  Instead, Chapman's complaint raises

---

[1] To state a claim under the ADA Chapman must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services, or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his . . . disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008) (internal quotation marks and citation omitted).  Chapman makes the conclusory allegation that he is "mentally disabled," but he does not describe his disability with any specificity. (*See* ECF No. 1 at PageID 1.)  "Mental illnesses of various sorts can certainly qualify as a disability under the ADA, . . . but where, as here, a party alleges that he . . . is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity." *Adams v. Vanderbilt Univ.*, No. 3:23-cv-00001, 2024 WL 1182861, at *17-18 (M.D. Tenn. Mar. 19, 2024) (internal quotation marks and citation omitted).  Chapman has failed to allege sufficient facts to show that he has a qualifying disability under the ADA, and none of Chapman's other factual allegations shows that Chapman is "being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his . . . disability." *S.S.*, 532 F.3d at 453 (internal quotation marks and citation omitted).

4

claims under 42 U.S.C. § 1983 of due process violations and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (*See id.* at PageID 2, 6.)

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III.   ANALYSIS

CoreCivic and the TDOC are the only defendants named in Chapman's lawsuit. (*See* ECF No. 1 at PageID 1.) CoreCivic is a private company that manages the HCCF, which houses inmates in the custody of the TDOC.[2]

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *See id.* at 748-49; *see also Street*, 102 F.3d at 817-18. CoreCivic "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-92 (1978)). To prevail on a § 1983 claim against CoreCivic, Chapman "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights." *Id.*

---

[2] *See* https://www.tn.gov/correction/state-prisons/state-prison-list/hardeman-county-correctional-facility.html (TDOC website, stating that the HCCF "is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison") (last accessed July 1, 2025).

Chapman has not alleged that a CoreCivic policy or custom was the "moving force" behind the alleged violation of his constitutional rights. Instead, Chapman alleges that his constitutional rights were violated when CoreCivic failed to follow TDOC policies governing disciplinary proceedings and classification changes. (ECF No. 1 at PageID 1-2.) Chapman does not allege that the policies themselves are unconstitutional. Chapman fails to state a § 1983 claim against CoreCivic.

Chapman's § 1983 claims against the TDOC are "treated as claims against the State of Tennessee." *Pugliese v. Parker*, No. 18-1189, 2019 WL 2476753, at *2 (W.D. Tenn. June 12, 2019) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Chapman does not state a valid claim against the State of Tennessee because § 1983 does not authorize suits against state entities. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *See Will*, 491 U.S. at 71; *see also Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (acknowledging the holding in *Will* "that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted").

Chapman's § 1983 claims against CoreCivic are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. Chapman's claims against the TDOC and the State of Tennessee are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.

IV.   **PENDING MOTIONS**

   A. **Motion to Appoint Counsel**

Chapman moves for the appointment of counsel because he is "mentally disabled" and has allegedly been denied access to the prison law library by Defendants. (ECF No. 2 at PageID 17.) Because the Court has dismissed Chapman's complaint and granted leave to amend the claims

6

dismissed without prejudice, Chapman's motion for the appointment of counsel (ECF No. 2) is **DENIED**, subject to Chapman's right to refile his request for counsel if the case proceeds.

### B. Motion for Injunction

Chapman alleges that he has been "unlawfully punished" based on "false disciplinary reports." (ECF No. 3 at PageID 19.) Chapman seeks injunctive relief to prevent "further harm[,] abuse[,] [and] rights violations." (*Id*. at PageID 18.) Chapman requests an order from this Court directing "that officers involved in abuse, assaults, and unlawful restrictions/segregation be ordered to have no contact with [Chapman]." (*Id*.)

Preliminary injunctions "are considered preventive, prohibitory, or protective measures taken pending resolution on the merits." *Lichtenstein v. Hargett*, 489 F. Supp. 3d 742, 751 (M.D. Tenn. 2020) (citing *Clemons v. Bd. of Educ. of Hillsboro*, 228 F.2d 853, 856 (6th Cir. 1956)). Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure. In determining whether to grant a request for preliminary injunctive relief, the Court must consider: (1) whether a plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether a plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest (the "Injunctive Relief Factors"). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). The Injunctive Relief Factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," *Frisch's Rest. Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984) (internal quotation marks and citation omitted), nor is any one factor controlling, *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

A moving party has the burden of showing that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required to obtain a preliminary injunction is "much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy." *McNeilly*, 684 F.3d at 615 (internal quotation marks and citation omitted).

Chapman has not satisfied the standard for a preliminary injunction or a permanent injunction. At this stage of the proceedings, Chapman's likelihood of success is no greater than that of CoreCivic's likelihood of success in defending against Chapman's claims. Chapman has not shown that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third Injunctive Relief Factor does not weigh significantly in favor of Chapman's requested injunctive relief. Chapman has not demonstrated that a public interest would be advanced by the requested relief.

Chapman has not met his burden of showing that the circumstances "clearly demand" a preliminary injunction. *Overstreet*, 305 F.3d at 573. Chapman's motion for injunctive relief (ECF No. 3) is **DENIED**.

### C. Motion for Discovery

Chapman requests discovery from Defendants, including "all disciplinary records, reports, [and] hearing recordings." (ECF No. 4 at PageID 22.) Chapman requests "prison video surveillance" on February 14, 2024, from 10 a.m. to 10 p.m. (*Id*. at PageID 23.)

Chapman must serve discovery requests according to the Federal Rules of Civil Procedure, not by court order. *See, e.g.*, Fed. R. Civ. P. 34 ("A party may serve on any other party a request . . . to produce . . . any designated documents or electronically stored information"). To serve

8

discovery requests, Chapman must state a claim for relief that survives the Court's screening. If Chapman states a plausible claim for a relief, Chapman's claims will move beyond screening, and he can seek discovery from Defendants. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (finding plaintiff who stated a plausible claim for relief "deserves a shot at additional factual development, which is what discovery is designed to give him") (internal quotation marks and citation omitted).

Because the Court has dismissed the Chapman's complaint and granted leave to amend the claims dismissed without prejudice, Chapman's motion for discovery (ECF No. 4) is **DENIED** as premature.

### D. Motions for Miscellaneous Relief

Chapman's remaining Pending Motions request relief as follows:

(1) Motion to Correct (ECF No. 7);
(2) Motion to "Move on this Case" (ECF No. 16); and
(3) Motion for "All Pending Case[s] to be Updated on Plaintiff's Financial Situation" (ECF No. 25)

Chapman's Motion to Correct asks the Court to direct the Clerk to modify the docket to change the cause from "42:1983 Prisoner Civil Rights" to ADA. (ECF No. 7.) As explained above, Chapman has failed to state a claim under the ADA. Chapman's allegations address CoreCivic's alleged denial of his right to due process during disciplinary proceedings, which allegedly resulted in a change in Chapman's custody status, *see* ECF No. 1 at PageID 3-7. Section 1983 is the appropriate statute for raising a constitutional violation. Chapman's Motion to Correct (ECF No. 7) is **DENIED**.

Chapman's next motion asks the Court to "move on this case" and to protect Chapman's constitutional rights. Because the Court has now screened Chapman's complaint under the PLRA

9

and ordered Chapman to file an amended complaint, Chapman's motion (ECF No. 16) is **DENIED** as moot.

Chapman's last motion asks the Court to update "all pending cases" with Chapman's "poverty status." (ECF No. 25 at PageID 216.) Chapman has been granted leave to proceed *in forma pauperis* in this case. (ECF No. 24.) If Chapman intends to proceed *in forma pauperis* in other cases, he must submit a proper motion to proceed *in forma pauperis* with the required trust fund account statement for each case he intends to pursue. Chapman's motion (ECF No. 25) is **DENIED**.

V.      **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court GRANTS leave to amend the claims dismissed without prejudice.

An amended pleading must be filed within 21 days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. If Chapman decides to amend the complaint, he shall: (1) comprehensively and particularly list, in one document, all defendants and all claims

within this Court's jurisdiction; and (2) submit the amended complaint on the Court's official form. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Chapman must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. All claims alleged in the amended complaint must arise from the facts alleged in the original complaint.

If Chapman fails to file an amended complaint in a timely manner, the Court will dismiss the original complaint and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## VI.  CONCLUSION

For the reasons explained above:

A.  Chapman's § 1983 claims against the TDOC and the State of Tennessee are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Leave to amend is **DENIED**.

B.  Chapman's § 1983 claims against CoreCivic are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Leave to amend is **GRANTED**. Chapman may amend his claims within 21 days of the date of this Order, under the guidelines set forth *supra*.

C.  Chapman's Pending Motions (ECF Nos. 2-4, 7, 16, 25) are **DENIED**.

D.  Chapman is **ORDERED** to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Chapman fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED** this *1st* day of July, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE